IN THE UNITED STATES DISTRICT COURT OF
THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ZIA HOSPICE, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KATHLEEN SEBELIUS )<br>Secretary of the United States )<br>Department of Health and Human Services )<br>)<br>    Defendant. | CV 09-0055 CG/LFG<br>CV 09-1108 CG/ACT |

## ORDER TO SUBMIT SUPPLEMENTAL BRIEFING

**THIS MATTER** comes before the Court, *sua sponte*, for an order requiring Plaintiff to submit supplemental briefings. Both Plaintiff and Defendant have submitted cross motions for summary judgment in this case. (Civ. 09-055, Doc. 100; Civ. 09-1108, Doc. 31). In Defendant's motion for summary judgment, she argues that Plaintiff does not have standing to bring this action. (Civ. 09-1108, Doc. 31 at 16-18). Specifically, Defendants contend that Plaintiff has not established a concrete injury, and that Plaintiff has not shown that any action by this Court will necessarily redress that injury. (*Id.*). Plaintiff must show that it has suffered a concrete injury and that this Court can redress that injury in order to have standing to pursue this action under Article III, Section 2 of the United States Constitution. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Without opining on the validity of Defendant's contentions, the Court finds that supplemental briefings are appropriate in order to more fully develop the question of standing.

Defendant claims that Plaintiff has not shown that use of the challenged hospice cap regulation has caused any concrete injury to Plaintiff. (*Id.*). She asserts that there is no proof in the administrative record demonstrating that the hospice cap regulation - as

opposed to the cap itself - is solely or partially to blame for the repayment demands visited upon Plaintiff. (*Id.* at 17-18). Defendant believes that Plaintiff must show that there is a substantial likelihood "that plaintiff's cap liability <u>will be reduced</u> if HHS employs plaintiff's preferred methodology for calculating the number of beneficiaries serviced by Plaintiff." (*Id.* at 18) (emphasis in original). Plaintiff has generally asserted "on information and belief that its cap liability for fiscal years 2006, 2007, and 2008 would have been materially reduced [had it been calculated pursuant to "statutory" method] . . ." (Civ 09-1108, Doc. 97 at 13). However, Plaintiff has not attached any documentation showing that a calculation of the cap under their suggested "statutory" method would materially reduce the overpayment demand for fiscal years 2006 and 2007. Plaintiff has submitted documentation and an affidavit showing that the proposed "statutory" method of calculating the cap would reduce the overpayment demand for fiscal year 2008 by approximately $73,000. (*See* Doc. 91, Ex. 7). The Court finds it appropriate to require Plaintiff to file supplemental briefings regarding the effect of their proposed cap calculation method on the 2006 and 2007 repayment demands.

**IT IS THEREFORE ORDERED** that Plaintiff shall file supplemental briefings within fourteen (14) days of this Order demonstrating the degree to which Plaintiff's proposed statutory method of calculating the hospice cap would result in a reduced repayment demand for fiscal years 2006 and 2007.

```
_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent
```